T.C. Memo. 2004-104

UNITED STATES TAX COURT

JUNE H. GINALSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12522-03L.                    Filed April 22, 2004.

June H. Ginalski, pro se.

<u>Rachael J. Zepeda</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  This matter arises, under section 6320,[1] out of respondent's filing of a Notice of Federal Tax Lien with respect to petitioner's 1993 and 1994 income tax liabilities. The sole issue presented for our consideration is whether

_____

[1] Section references are to the Internal Revenue Code in effect for the periods under consideration.

petitioner is entitled to question the underlying merits of her 1993 and 1994 income tax liabilities.

## FINDINGS OF FACT[1]

June H. Ginalski, petitioner, resided in Phoenix, Arizona, at the time her petition was filed. Upon notification that respondent had filed a Notice of Federal Tax Lien with respect to petitioner's 1993 and 1994 income tax liabilities, petitioner timely requested a hearing before an Appeals officer. At the hearing, petitioner sought to question the underlying merits of her 1993 and 1994 tax liabilities which, to some extent, involved whether amounts received by petitioner in connection with a divorce were income to her. Petitioner did not wish to discuss collection alternatives or other collection-related matters.

The Appeals officer refused to discuss the merits of the underlying liabilities because petitioner had received a notice of deficiency for her 1993 and 1994 tax years and had filed a petition with this Court. After a trial on the merits of her 1993 and 1994 income tax, it was held in a Tax Court Summary Opinion that the amounts petitioner received during 1993 and 1994 from her divorce proceeding were taxable to petitioner for those years. Pursuant to this Court's decision, respondent assessed

---

[1] At trial, the parties stipulated facts and exhibits and presented oral argument.

the 1993 and 1994 income tax liabilities, which are the liabilities for which notice of lien has been filed.

Respondent issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, and petitioner filed a timely petition with this Court.

OPINION

Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a "fair hearing". Sec. 6330(b). A "fair hearing" consists of the following elements: (1) An impartial officer will conduct the hearing; (2) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (3) certain issues may be heard such as spousal defenses and offers-in-compromise; and (4) a challenge to the underlying liability may be raised if the taxpayer did not receive a statutory notice of deficiency or otherwise receive an opportunity to dispute such liability. Sec. 6330(c).

In that regard, section 6330(c)(2)(B) provides that a taxpayer may raise issues concerning the underlying tax liability in a proceeding under section 6330 where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604 (2000); Goza v. Commissioner, 114 T.C. 176 (2000). Because

petitioner received a notice of deficiency, petitioned this Court for relief, and a final decision was entered, she was not entitled to contest the merits of the underlying liability at her section 6330 hearing.

Petitioner contends that the Summary Opinion issued to her states on its face that it is not appealable and that it is not precedent for any other case. In particular, Summary Opinions of this Court contain the caveat: "[The] case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority." Petitioner has mistakenly interpreted that caveat to mean that the outcome of her Tax Court proceeding involving the same taxable years (1993 and 1994) is not binding with respect to her proceeding under sections 6320 and 6330. Although this Court's decision for petitioner's 1993 and 1994 tax years is not precedential for any other case, it is final and determinative as it relates to petitioner's liability for those years. It appears that petitioner believes that the limitation on citing Summary Opinions as precedent deprives them of the effect of res judicata. In any event, the fact that petitioner had an opportunity to contest the merits of the 1993 and 1994 liabilities triggers the limitation on raising such matters again before Appeals or in this proceeding in our Court.

See sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, <u>supra</u>; <u>Goza v. Commissioner</u>, <u>supra</u>.

Petitioner does not contend that there was an abuse of discretion on any matter other than respondent's refusal to consider the underlying merits of the 1993 and 1994 tax liabilities. Petitioner believes that, if given the opportunity, she could show that respondent's position and this Court's prior holding, with respect to the underlying merits of the tax liability, are in error.

Accordingly, the sole question we consider is whether, in these circumstances, respondent has abused his discretion in refusing to consider the underlying merits of petitioner's tax liability for the years 1993 and 1994. Sections 6320 and 6330 provide for a hearing in connection with certain collection activity by respondent, in this instance the filing of a Notice of Federal Tax Lien. Under section 6330(c)(2)(B) a taxpayer may raise the merits of the underlying liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." It is clear in this case that petitioner received a statutory notice of deficiency and did have an opportunity to dispute such tax liability. Under the statute, it does not matter whether petitioner may now be able to show that

the outcome or holding resulting from that opportunity may have been in error.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.